UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK ANTHONY RIBBING

    Plaintiff,

v.                                                                      Case No. 3:22cv314-MCR-HTC

PENSACOLA INTERNATIONAL AIRPORT and
 PENSACOLA POLICE DEPARTMENT,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff Patrick Anthony Ribbing, a repeat and prolific filer, who is no stranger to this Court, has filed yet another *pro se* frivolous complaint (ECF Doc. 1) accompanied by a deficient motion to proceed *in forma pauperis* (ECF Doc. 2).  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E).  Despite the Court's multiple directives in Plaintiff's other cases ordering Plaintiff to file a complete motion to proceed *in forma pauperis*, Plaintiff returns to this Court and engages in the same non-compliant conduct.  Thus, upon consideration, the undersigned recommends this case be dismissed *sua sponte* as malicious for Plaintiff's abuse of the judicial process.  Also, given Plaintiff's pattern

of recalcitrant behavior, the undersigned further recommends the clerk be directed not to accept any future filings from Plaintiff unless he is represented by counsel or upon obtaining prior leave of Court.

On January 7, 2022, Plaintiff initiated this action by filing a complaint against (1) the Pensacola International Airport/ISS and (2) the Pensacola Police Department ("PPD"). ECF Doc. 1. Plaintiff identifies himself using three (3) different names: "Patrick Anthony Ribbing" "Anthony Lee Liner," and "To be Announced." *Id.* at 1. Plaintiff claims the PPD officers "harassed" him while he was at the airport that day by asking him to leave for "trespassing", without providing a basis for that request. *Id.* at 4. Plaintiff does not identify any constitutional right that was violated by the Defendants and for "Relief," states "Classified." *Id.* at 6. Plaintiff's complaint is clearly deficient. It does not meet the Rule 8 notice standards, fails to state a claim, does not state a basis for this Court's jurisdiction, and is nonsensical.

Regardless, Plaintiff failed to pay the filing fee or file a complete motion to proceed *in forma pauperis*, as required by the Court's Local Rules. N.D. Fla. Loc. R. 5.3. Instead, as has been Plaintiff's habit, Plaintiff filed a motion which was incomplete, largely non-sensical, and riddled with vague and unresponsive phrases. ECF Doc. 2. Specifically, for Plaintiff's marital status he wrote "SEE KIVA SECRECY RIGHTS" and for Plaintiff's financial status he wrote "IRS Audit to Accompany Grand Isle Financial Report." *Id.* at 3. When asked whose name his

real property was titled in, Plaintiff answered, "the source (an agreement that preceedes (sic) everything you got to say" and listed the estimated value at "more than a little" and the annual income from the property as "less than too much." *Id.* Plaintiff also responded to questions with, "if you ain't got the Grand Isle Financial Report you don't need to know", "ask my better half wife #1, then wife #2", "this should be interesting", "keep guessin'", "I hope you do", "mud flaps!", and "it depends". *Id.* at 4-5.

This is not the first time, not the second, and not the third time Plaintiff has filed a motion to proceed *in forma pauperis* containing such outlandish responses. Indeed, Plaintiff has filed at least sixteen (16) actions in this Court, nearly all of which have been dismissed for failure to follow court orders or an abuse of the judicial process. In each case, Plaintiff filed a nonsensical and incomplete motion to proceed *in forma pauperis*. For example, in *Ribbing v. Miami Lakes, Properties, LL*, et al., 3:19cv3335; *Ribbing v. State of Florida*, et al., 3:19cv3368, and *Ribbing v. State of Florida*, et al., 3:19cv437, Plaintiff responded to the Court's form with "None of your business", "you are not allowed to know", and "above your pay grade."

Additionally, in *Ribbing v. State of Florida*, 3:20cv1413, Plaintiff responded to the Court's form "upon authorized confirmation access codes & clearance," and in *Ribbing v. State of Florida*, 3:21cv836, Plaintiff wrote "my wife @ DOD don't

trust y'all", "Nunya", and "Good luck finding them". Compounding this egregious conduct, is the fact that Plaintiff completely ignored the Court's form in five (5) cases, writing "N/A" for nearly each response (3:19cv3336, 3:19cv3337, 3:18cv303, 3:18cv304, 3:19cv436) and wrote "See Kiva Secrecy Rights" in the remaining six (6) cases (3:20cv5696, 3:20cv5698, 3:20cv5699, 3:21cv181, 3:21cv330, 3:21cv402). In those other cases, the Court was lenient and allowed Plaintiff an opportunity to cure his deficient motion. Such leniency is no longer warranted.

Despite the Court's sixteen (16) orders denying Plaintiff's motions and thoroughly advising Plaintiff he must provide answers sufficient to determine his indigency status, Plaintiff continues to deliberately ignore this Court's requirements. There can be no doubt that Plaintiff understands the Court's orders and is fully advised of the consequences in refusing to comply with those orders. Such conduct, therefore, can only be classified as a complete abuse of the judicial process. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). Also, Plaintiff cannot simply ignore the Court's orders by filing new actions. *See Daker v. Bryson*, 841 F. App'x 115, 121 (11th Cir. 2020) (holding "it was reasonable for the district court to conclude that [plaintiff's] filing of the new action met the legal definition of malicious"). The Court should not tolerate such abusive filings.

Case No. 3:22cv314-MCR-HTC

Thus, an appropriate sanction for Plaintiff's repeated abuse of the judicial process is to dismiss this case without prejudice and without an opportunity to amend. As one judge in this District has held, a plaintiff's *pro se* complaint is "subject to dismissal as malicious and abusive of the judicial process due to [his] failure to follow this court's instructions." *See Holliday v. Inch, et al.*, 2021 WL 4993958, at *4 (N.D. Fla. Oct. 12, 2021), *report and recommendation adopted sub nom*. *Holliday v. Inch*, 2021 WL 4990822 (N.D. Fla. Oct. 26, 2021).

Finally, Given Plaintiff's repeated non-compliant and abusive conduct, the undersigned also finds injunctive sanctions to be appropriate. It is well established that this Circuit affords district courts broad discretion in managing their cases and "ensur[ing] that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (internal citations omitted). This includes a district court's inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (holding district courts "enjoy broad discretion in deciding how best to manage the cases before them").

Courts have routinely found such defiant and repetitive conduct, like Plaintiff's, to warrant injunctive sanctions. "Injunctive restrictions on filings by abusive litigants are necessary and prudent in order to curb conduct that would

impair the rights of other litigants and the court's ability to carry out its Article III functions." *Brunet v. United States*, 2019 WL 11276408, at *2 (S.D. Fla. Apr. 2, 2019), *report and recommendation adopted*, 2019 WL 11276407 (S.D. Fla. Apr. 17, 2019), *aff'd*, 781 F. App'x 978 (11th Cir. 2019). This is because "[t]here is no constitutional right to file frivolous court cases or abuse the judicial process." *Marts v. Inch*, 2019 WL 4862194, at *6 (N.D. Fla. Sept. 3, 2019), *report and recommendation adopted*, 2019 WL 4861897 (N.D. Fla. Oct. 2, 2019).

Thus, the undersigned recommends an order be entered directing the clerk not to accept any future case filings from Plaintiff unless he is represented by counsel or upon Plaintiff obtaining prior leave of court to proceed *pro se*. *See DeGod v. Scharf, et al.*, 3:21cv919-TKW-HTC, ECF Doc. 31(ordering the clerk not to accept any future filings from Plaintiff unless he is represented by counsel or he obtains prior leave of court); *Floyd-Trinowski v. Ne. Fla. Health Servs., Inc.*, No. 6:15-cv-1030-CEM-DCI, ECF Doc. 10 (M.D. Fla. Sep. 19, 2016), *report and recommendation adopted*, No. 6:15-cv-1030-CEM-DCI, ECF Doc. 12 (M.D. Fla. Oct. 12, 2016) (requiring plaintiff's *pro se* filings to be pre-screened before being accepted by the court after plaintiff filed a "fourth insufficient and incomprehensible Complaint."); *Langermann v. Dubbin*, 2014 WL 11429282, at *1 (S.D. Fla. Oct. 16, 2014) (granting defendants' motion for injunctive sanctions and permanently enjoining *pro se* plaintiff "from filing any future pleadings or motions . . ., unless [plaintiff] first

notifies the Court . . ., provides the Court an opportunity to pre-screen [plaintiff's] proffered filing, and obtains the Court's leave to file based upon the Court's determination that the claims are" not frivolous).

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

Additionally, it is respectfully RECOMMENDED that:

1. This action be dismissed *sua sponte* as malicious for Plaintiff's abuse of the judicial process.

2. Injunctive sanctions be imposed on Plaintiff to the extent that the clerk is directed not to accept any future filings from Plaintiff unless he is represented by counsel or upon obtaining prior leave of court to proceed *pro se*.

3. The clerk be directed to close the file.

Done in Pensacola, Florida, this 26th day of January, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.